ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 FEB -3 AM 8: 51

DUBLIN DIVISION

CLERK _L. Flanders_
SO. DIST. OF GA.

MARTHA HICKS,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    CV 304-101
                                       )
JO ANNE B. BARNHART,                   )
Commissioner of Social Security,       )
                                       )
        Defendant.                     )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Martha Hicks ("Plaintiff") appeals the decision of the Commissioner of Social

Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") under the Social Security Act.    Upon

consideration of the briefs submitted by both parties, the record evidence, and the relevant

statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the

Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that

a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to January 18, 2001, Plaintiff applied for

DIB and SSI on October 18, 2002.[1] Tr. ("R"), pp. 121, 342.  Plaintiff alleges disability due

---

[1]Plaintiff previously applied for DIB and SSI on May 7, 2001, but both claims were
denied.  The Appeals Council denied her request for review on March 21, 2003.  That prior
determination was not revisited during the administrative proceedings currently under
consideration. R. 14.

to trouble using her left hand and arm, high blood pressure, gall stones, back pain, obesity, shortness of breath, and diabetes (borderline). R. 15. The Social Security Administration denied Plaintiff's applications and her request for reconsideration. R. 85, 86, 88, 92. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 94, 98-99. Represented by counsel, Plaintiff, along with a vocational expert ("VE"), appeared and testified at a hearing on August 6, 2003. R. 29-56. The ALJ held a supplemental hearing on March 17, 2004, at which Plaintiff (represented by counsel), her husband, and another VE testified. R. 57-84. The ALJ then issued an unfavorable decision dated March 26, 2004. R. 11-24.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's disorders of muscle, ligament and fascia are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920[(c)].

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation Number 4.

4. The claimant is unable to perform any of her past relevant work. (20 CFR §§ 404.1565 and 416.965). The claimant has the residual functional capacity to perform a wide range of sedentary work.[2]

---

[2]Sedentary work involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if

5.   Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.29 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as surveillance system monitor, information clerk and a job developer helper. Thus, the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. (20 CFR §§ 404.1520(f) and 416.920(f)).

R. 22-23.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 5-8. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of that adverse decision. Plaintiff now argues that the ALJ failed to make a specific finding of Plaintiff's residual functional capacity and failed to apply the correct legal standard in determining whether a significant number of jobs exist that Plaintiff could perform.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

---

walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

3

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

4

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A.   Residual Functional Capacity ("RFC")

According to Plaintiff, "[t]he ALJ never made a determination of the residual functional capacity of Ms. Hicks."[3] Pl.'s Br., p. 5.  However, Plaintiff then goes on to cite the various places in the written opinion that the ALJ found that Plaintiff could perform a "wide" and "significant" range of sedentary work, subject to "additional exertional and/or non-exertional limitations."[4] Id. (citing R. 20, 21, 22).  Thus, the ALJ did make an RFC finding, but it is the "additional exertional and/or non-exertional limitations" to which Plaintiff takes exception, arguing that because the ALJ does not state or explain in the written opinion exactly what these limitations are, it is impossible to determine whether the ALJ's final decision is supported by substantial evidence.  The Commissioner counters that although the ALJ's decision is not the model of clarity, his incorporation by reference of

---

[3]The regulations describe RFC as "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a).

[4]The Eleventh Circuit has explained these types of limitations as follows:

> Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling.  Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands.

Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004) (citations omitted).

limitations spelled out to the VE at the supplemental administrative hearing gives the Court a sufficient basis for judicial review. Comm'r Br., p. 4. The Commissioner has the better argument.

Plaintiff is correct in her assessment that the ALJ did not succinctly and explicitly summarize in his written opinion the "additional exertional and/or non-exertional limitations" that formed part of the RFC determination. However, upon examination of the totality of the written opinion and the limitations presented to the VE, which were specifically incorporated by reference by the ALJ (R. 22, 23), this Court is able to review the findings to determine whether they were supported by substantial evidence. At the second administrative hearing on March 17, 2004, the ALJ had the following exchange with the VE:

ALJ:     Okay. Now, let's assume an RFC of sedentary, walking, standing and sitting not impaired, occasionally climb ramp or stairs, stoop, balance, crouch, crawl or kneel, frequently reach overhead with the right hand all directions, left or right—

VE:      That's frequent overhead reaching?

ALJ:     Yeah, handling, fingering, feeling, yes, frequently with her right hand only and never reach, handle, fingering or feel - - no, never handling, feeling, fingering with their left hand, occasionally, reach - - no, I said feeling, that occasionally, also. I'm sorry.

VE:      I'm sorry?

ALJ:     No. I just said feeling is occasional with the left hand. I had originally said never.

VE:      It's occasional left hand.

. . . .

ALJ:     Okay. Reaching overhead only - -

6

. . . .

ALJ:            - - frequently with her right hand, occasionally with her left hand, all directions - - not overhead but all directions, left and right, frequently.   Handling, frequently with the right hand, never with the left, fingering frequently with the right and, never with the left and feeling, frequently with the right hand, occasionally with the left hand.  Pushing and pulling is limited with the left arm.   No[] work around hazards, heights, machinery and they don't say vibrations but I think that would also affect it. . . . .

. . . .

VE:            [inaudible] on the left arm - - first off, with the postural, it was frequent - - did I hear you say stooping, kneeling is frequent?

ALJ:            Yeah, frequently.

. . . . (further clarification of characteristics recited above by ALJ)

VE:            The past relevant work would be ruled out for the manipulative reasons, either push, pull, constant - -

ALJ:            Now, let's assume this hypothetical individual, same age, education, work experience and restrictions, any other work in the economy?

VE:            Yes, sir, there would be.  (Thereafter, VE identifies three jobs: surveillance system monitor, information clerk, and job developer, helper.).

R. 69-71.

Given that the ALJ detailed the limitations he found applicable to Plaintiff in the hypothetical to the VE, and given that the ALJ also detailed the exertional and/or non-exertional limitations noted by the various doctors who examined Plaintiff and/or her medical records (R. 16-19), the record does not support the conclusion that the ALJ failed

to make a specific finding about Plaintiff's RFC.[5]  Thus, the Court turns its attention to the alternative theory that even with the detailed limitations presented to the VE, the ALJ erred because the VE testified - in response to a question from Plaintiff's counsel - that if a hypothetical person were only able to perform occasional bending, then none of the three jobs identified would be available to the hypothetical person.[6]

The record reflects that counsel asked the ALJ to assume that the hypothetical person "would be sitting in an absolutely straight rigidity position" for two-thirds of the day. According to Plaintiff, this restriction on bending is supported by the report of the consultative examination conducted by Jeffrey A. Fried, M.D., who stated that Plaintiff "has limited back motion, which may make it difficult for her to do bending, stooping, kneeling, and crawling."  R. 335; see also R. 340 (noting on Medical Assessment of Ability to do Work-Related Activities Plaintiff's ability to occasionally stoop, crouch, kneel, and crawl). However, as the Commissioner correctly notes, Dr. Fried also filled out a Range of Motion form that showed a somewhat reduced forward flexion (60 degrees instead of the normal 90), right and left lateral bending (20 degrees rather than 25), and normal right and left lateral rotation.  Comm'r Br., p. 5 (citing R. 336).  Moreover, two other state agency reviewing physicians found that Plaintiff could frequently stoop, kneel, and crouch.  R. 288, 307.

---

[5]As noted *supra*, the ALJ specifically noted that he was resting his decision based on the hypothetical presented to the VE that assumed "specific work restrictions" (R. 22) and that the "totality of the probative evidence . . . corroborates the validity of the hypothetical profile" presented to the VE.  (R. 23).  The parameters of the hypothetical upon which the ALJ relied are discernable upon reading the hearing transcript.  R. 69-71.

[6]"Occasional" bending was defined as not being able to go beyond a straight line of 30 degrees for two-thirds of the work day.  R. 76.

Another consultative examiner, Michael A. Taormina, M.D., found that Plaintiff could perform unlimited stooping, crouching, and kneeling. R. 333. According to Social Security Ruling 96-6p, findings of fact made by State agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review.

Here, the ALJ took account of these opinions of the reviewing and consultative examiners, along with Plaintiff's reported housekeeping and shopping activities (R. 20, 38, 40), and determined that any limitations on Plaintiff's ability to bend were severe enough to preclude the sedentary jobs identified by the VE. He specifically pointed out that Dr. Fried's report did not support the limitation suggested by Plaintiff's counsel of sitting rigidly in a chair without the ability to bend forward. R. 23. Plaintiff points to nothing other than Dr. Fried's report in her current briefing to support her contention of such severe bending limitations that would eliminate all jobs identified by the VE, and in light of the other information outlined above and discussed in the ALJ's opinion, the substantial evidence supports the ALJ's determination of Plaintiff's RFC and ability to do the jobs identified by the VE.

**B.      Impact of Bilateral Dexterity on Ability to Perform Sedentary Work**

Plaintiff also argues that because she does not have bilateral manual dexterity, and because the ALJ found that she cannot perform the full range of sedentary work, Rule 201.00(h), 20 C.F.R. Part 404, Subpart P, App. 2 directs a finding of "disabled." Pl.'s Br., pp. 6-7. However, as the Commissioner correctly points out, Plaintiff has mistakenly relied

on an outdated version of Rule 201.00(h). Comm'r Br., p. 6. Plaintiff argues that Example 1 in Rule 201.00(h) illustrates a limitation to unskilled sedentary work with an additional loss of bilateral manual dexterity which warrants a conclusion of "disabled." However, the current version of Rule 201.00(h) does not contain the relied-upon Example 1. In fact, under the current version of the Rule, for a claimant like Plaintiff who is under age 45, "the inability to perform a full range of sedentary work does not necessarily equate with a finding of 'disabled.'" Rule 201.00(h)(3); see also SSR 96-9p ("[A] finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.'"). Instead, the determination on whether the person who is unable to perform the full range of sedentary work

> will be able to make an adjustment to other work requires an adjudicative assessment of factors such as the type and extent of the individual's limitations or restrictions and the extent of the erosion of the occupational based. It requires an individualized determination that considers the impact of the limitations or restrictions on the number of sedentary, unskilled occupations or the total number of jobs to which the individual may be able to adjust, considering his or her age, education and work experience, including any transferable skills or education providing for direct entry into skilled work.

Rule 201.00(h)(3).

Here, the ALJ conducted an individualized analysis, including utilization of the testimony of a VE, to determine that there were other jobs that Plaintiff could perform despite an inability to perform the full range of sedentary work. Moreover, the VE testified that the loss of bi-manual dexterity would not rule out the jobs he identified to the ALJ. R. 74, 76. The Rule cited by Plaintiff does not mandate a finding of "disabled." Accordingly, the Commissioner's decision should be affirmed.

## IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 3rd day of February, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11